IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Satish Emrit, | ) | C/A No.: 3:23-1028-DCC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| University of Miami School of Law; | ) | |
| President of University of Miami; | ) | |
| and Dean of Law School, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Ronald Satish Emrit ("Plaintiff"), proceeding pro se, brings this action alleging claims against University of Miami School of Law, President of University of Miami, and Dean of Law School ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the following reasons, the undersigned recommends this matter be transferred to the Southern District of Florida.

I.      Factual Background

Plaintiff alleges he applied for an employment position with the University of Miami School of Law ("Law School"). [ECF No. 1 at 4]. He claims that either the Dean of the Law School or the President of the University contacted one of his relatives regarding his application, despite Plaintiff not having listed his relative as a reference. *Id.* at 4–5. He alleges

Defendants violated the American with Disabilities Act of 1990 ("ADA" and Title VII of the Civil Rights Act of 1990 ("Title VII"). *Id.* at 6, 11. Although Plaintiff states that venue is proper in this jurisdiction, he fails to provide any allegations regarding venue, although he states that he resides in Sarasota, Florida. *Id.* at 4.

II.     Discussion

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider sua sponte whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391(b):

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff and all Defendants reside in Florida. Plaintiff has provided no facts alleging a substantial part of the events giving rise to this case occurred in South Carolina. Therefore, venue is not proper in this district. For these reasons, the undersigned recommends this matter be transferred to the Southern District of Florida.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court transfer this matter to the United States District Court for the Southern District of Florida for further disposition.

IT IS SO RECOMMENDED.

March 15, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).