IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
(J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29401)

Ronald Satish Emrit,
    Plaintiff (Pro Se)

v.

C. A. No.: 3:23-1028

University of Miami School of Law,
    President of University of Miami,
    Dean of Law School

*****************************************************************

## NOTICE OF APPEAL

COMES NOW, the plaintiff Ronald Satish Emrit, who is filing this notice of appeal given that there is a justiciable case or controversy which is ripe for adjudication and not moot. In addition, the plaintiff/appellant is entertaining the possibility of applying for a **writ of certiorari** to the United States Supreme Court and to have the present case at bar sent to the Fourth Circuit Court of Appeals in Richmond, Virginia and perhaps to the United States Supreme Court in accordance with **Rule 4 of the Federal Rules of Appellate Procedure (FRAP)**. In filing this notice of appeal, the plaintiff/appellant states, avers, and alleges the following:

    1.) Because Judge Robert Scola issued a vexatious litigant order against the plaintiff in Southern Florida after cases have been transferred from other jurisdictions in Tennessee and Louisiana, the plaintiff/appellant wants to have the procedural and substantive due process issues addressed by the

Fourth Circuit in Richmond, Virginia rather than the Eleventh Circuit in Atlanta, Georgia/
2.) Furthermore, the plaintiff/appellant believes that a motion for recusal of Judge Robert Scola may be appropriate according to 28 U.S.C. Section 455 if there is a conflict of interest and Judge Robert Scola attended University of Miami School of Law.
3.) To clarify, the plaintiff/appellant believes that there may be an issue of an appearance of impropriety on the part of Judge Robert Scola of Southern Florida and that a motion for a change of venue based on the doctrine of forum non conveniens may be appropriate given a possible conflict of interest.
4.) Moreover, The plaintiff/appellant argues that this case is ripe for adjudication and not moot because the plaintiff/appellant is still trying to obtain a fiance visa for Maria Cherniavska originally from Kharkiv, Ukraine
5.) Accordingly, the plaintiff/appellant is trying to meet and get married to Maria Cherniavska perhaps in Warsaw, Poland or Las Vegas, Nevada but this would require that Maria Cherniavska first obtain a fiance visa or political asylum based on a well-founded fear of persecution citing ***Miller v. Albright***.
6.) Furthermore, the plaintiff/appellant is also trying to get an annulment from his former spouse Sabine Jules in litigation in the Eleventh Circuit in Atlanta, Georgia at the Elbert Tuttle Courthouse at 56 Forsyth Street, NW Atlanta, Georgia 30303.
7.) In addition, the plaintiff appellant has also been litigating against Prince George's County Housing Authority to obtain a Section 8 Housing Voucher (HCV) based off of his disability of bipolar disorder.
8.) As an alternative, the plaintiff/appellant currently has litigation against University of Miami School of Law to be a law professor of entertainment law.
9.) To clarify, these lawsuits involving University of Miami have been filed as part of "forum shopping" in the Southern states of Arkansas, Georgia, Florida, Kentucky, Tennessee, and South Carolina.
10.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the plaintiff/appellant attended University of Arkansas Walton College of Business to obtain an MBA degree in 2003

before he had to quit for reasons related to his past marriage in the appellant's opinion.

WHEREFORE, the plaintiff/appellant is now filing this notice of appeal in accordance with **Rule 4 of the Federal Rules of Appellate Procedure (FRAP)** to have the present case at bar sent to the Fourth Circuit Court of Appeals in Richmond, Virginia. This appeal should address the issue of whether or not it was clearly erroneous for Judge Robert Scola to issue a vexatious litigant order against the plaintiff/appellant in Southern Florida after cases were transferred in from other jurisdictions in Tennessee and Louisiana. Because time is of the essence, the plaintiff/appellant is trying to get a job as a disabled law professor of entertainment law at University of Miami or perhaps University of Virginia in Charlottesville, Virginia

Respectfully submitted,

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
(703)936-3043
einsteinrockstar@hotmail.com
einsteinrockstar2@outlook.com



Satish Emmit
6655 38th Lane East
Sarasota, Florida 34243

Attn: Clerk of the Court
U.S. District Court of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401